**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | ) Civil Action Case No. 8:14-cv-01572-SDM-TBM |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address | ) |
| 71.98.190.250, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

<u>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**</u>

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby responds to the Court's Order to Show Cause [CM/ECF 9] as to why this case should not be dismissed for failure to serve Defendant, Richard Lawler ("Defendant"), and in support thereof, states:

1.    Through this suit, Plaintiff alleges that John Doe Defendant ("Defendant"), which Plaintiff has established is the Internet service subscriber assigned Comcast IP address 71.98.190.250, is liable for direct infringement of Plaintiff's copyrighted movies.

2.    On June 27, 2014, Plaintiff filed its Complaint [CM/ECF 1] for copyright infringement against Defendant.

3.    On August 15, 2014, this Court entered an Order (the "Order") [CM/ECF 6] granting Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference on Defendant's Internet Service Provider (the "ISP").

4.    The subpoena sought identifying information from Comcast to establish who was assigned IP address 71.98.190.250, which Plaintiff's investigator had detected as infringing Plaintiff's copyrighted movies.  The Court's Order granted leave to serve the subpoena, but

1

ordered that Plaintiff must notify the identified Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Doe Defendant at least fourteen (14) days prior to seeking an issuance of a summons from the Clerk for the identified Doe Defendant.

5.      On August 15, 2014, Plaintiff issued its subpoena, which required a response on or before September 30, 2014.   Having received no response on that date, the office of undersigned contacted Verizon in writing to remind it of the due date.   *See* e-mail correspondence from office of undersigned to Verizon, attached hereto as Exhibit "A."

6.      Plaintiff then received Verizon's response (the "Verizon Response") on October 7, 2014.   The Verizon Response named Defendant as the subscriber assigned IP address 71.98.190.250.

7.      In response to the Court's question as to why Verizon waited fifty-three days to respond to the subpoena, Plaintiff cannot offer any explanation as to why Verizon could not respond within the required timeframe.

8.      Plaintiff can establish, however, that it was diligent in following up with the Verizon on the very day its response was due, thereby obtaining Verizon's response—albeit late through no fault of Plaintiff—just one week later.

9.      Pursuant to the Court's Order, on October 13, 2014, Plaintiff notified the Doe Defendant of its intent to name and serve him.  *See* Notification letter from office of undersigned to Defendant, dated October 13, 2014, attached hereto as Exhibit "B."[1]

10.     In response to the Court's question concerning a thirteen-day delay in notice to the Defendant, Plaintiff respectfully points out that there was only a reasonable six-day delay between the date Plaintiff received the Verizon Response identifying Defendant (i.e., on October

---

[1] Please note that Plaintiff's motion for an extension of time to serve [CM/ECF 7] contained a typographical error concerning the date Plaintiff notified Defendant of its intent to name and serve him.  The date was October 13, 2014, not October 14, 2014.  *See* Exhibit B.

7, 2014) and the date of Plaintiff's notification to him of its intent to name and serve him (i.e., on October 13, 2014).

11.     Pursuant to the Court's Order, the fourteen day notice period ended on October 27, 2014.

12.      Pursuant to Rule 4(m), however, Plaintiff was required to effectuate service on Defendant by October 25, 2014, which date fell on a Saturday.

13.     Since Plaintiff could not serve Defendant prior to the expiration of the notice period on October 27, 2014, which would presumably be the last day to serve under Rule 4(m), Plaintiff requested an extension of time within which effect service on Defendant [CM/ECF 7].

14.     Accordingly, although service of process has not been effectuated in this litigation within the period prescribed by Rule 4(m), Plaintiff respectfully asserts that it has not failed to prosecute this matter during the 120 days between June 27, 2014 and October 25, 2014.

15.     Rather, Plaintiff only received the identity of the Doe Defendant on October 7, 2014, notified Defendant of its intent to name and serve within six days, but could have only served Defendant after waiting for the Court's notice period to end on October 27, 2014.

16.     Accordingly, it has only been fourteen days since Plaintiff could have first served Defendant.

17.     Good cause for failure to serve exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll Cnty. Commis.*, 476 F.3d 1277, 1281 (11th Cir. 2007).  However, even if "a plaintiff fails to show good cause for failure to serve the defendant, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *In re Traysol Prods. Liab. Litig.–MDL–1928*, 503 Fed.Appx. 850, 857 (11th Cir. 2013) (quoting *Lepone–Dempsey*, 476 F.3d at 1282).

18.     Here, Plaintiff presents ample evidence that circumstances beyond its control, i.e., subpoena compliance of a third party and a court-mandated notice period, prevented it from effecting service within the time period specified in Rule 4(m).

19.     Plaintiff thus respectfully requests that the time within which it has to effectuate service of the summons and Amended Complaint on Defendant be extended as previously requested, up to and including December 9, 2014.

20.     Plaintiff's request herein is not made for purposes of delay or for any other improper purpose.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (a) not dismiss this case for failure to serve Defendant; (b) grant a brief extension of time, up to and including December 9, 2014, within which Plaintiff has to effectuate service of the summons and Amended Complaint on Defendant; and (c) for such other and further relief as the Court deems just and proper.

Dated: November 10, 2014

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd., Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/*M. Keith Lipscomb*
          M. Keith Lipscomb